Bertha Lorraine **GOFF, Administratrix of the**
Estate of Gary Wynn Goff, De-
ceased, Appellant,

v.

Miriam F. **HORSLEY, now Miriam F Hile-**
man and Floyd E. Horsley, Appellees.

Court of Appeals of Kentucky.

April 25, 1969.

———◆———

John E. Wise, Charles I. Sandmann, Louisville, for appellant.

G. William Clements, J. Walter Clements, I. G. Spencer, Jr., Louisville, for appellees.

CULLEN, Commissioner.

Gary Wynn Goff, 7-plus years of age, was struck and killed by an automobile driven by Miriam F. Horsley (now Hile-man) on a street in Louisville. This suit was brought against Miss Horsley for the boy's wrongful death. The jury returned a verdict for the defendant and judgment was entered dismissing the claim. The plaintiff has appealed, asserting error only in respect to the instructions.

The trial court gave a contributory negligence instruction. The appellant maintains that the age group in which a child is presumed conclusively not to be capable of contributory negligence includes a child who has passed his seventh birthday but has not yet reached his eighth, and therefore it was error to give the contributory negligence instruction. This proposition is based entirely upon the following sentences in Liberty National Bank & Trust Co. v. Raines, Ky., 416 S.W.2d 719 at 723:

"* * * As to children seven years old and younger, he does not have the defense of contributory negligence. * *

"As we have before intimated, the instruction should be given only in a case where a child seven years of age or younger is injured by a motor vehicle * * *."

Our decisions prior to *Raines* consistently held that the conclusive presumption of incapability of contributory negligence applied only to those children *under seven years of age,* i. e., who had not reached their seventh birthday. See Lever Brothers Co. v. Stapleton, 313 Ky. 837, 233 S.W.2d 1002; Ward v. Music, Ky., 257 S.W.2d 516; Thomas v. Gates, Ky., 399 S.W.2d 689; Williamson v. Garland, Ky., 402 S.W.2d 80. This was in accord with the general weight of authority. See 38 Am.Jur., Negligence, Sec. 205, p. 890.

There was no intention in *Raines* to announce a new rule. The phrase "seven years old and younger" was used as meaning "up to seven years of age," to-wit, up to the moment of reaching the seventh birthday.

Under the firmly established rule in Kentucky, Gary Wynn Goff was beyond

the age within which there is a conclusive presumption of incapability of contributory negligence. Therefore it was proper for the trial court to give the contributory negligence instruction.

 The appellant's second contention is that the trial court erred in refusing to instruct on the duty of the defendant motorist to exercise special caution when children were present in the vicinity. We answer this contention by pointing to the specific holding in *Raines* that such an instruction is not required.

The judgment is affirmed.

All concur.