### Knolan SKAGGS and Nick Skaggs, Movants,

v.

**Richard ASSAD, an infant, By and Through his Parent and Next Friend, Noel S. ASSAD and Noel S. Assad, Respondents.**

**Richard ASSAD, an infant, By and Through his Parent and Next Friend, Noel S. ASSAD and Noel S. Assad, Movants,**

v.

### Knolan SKAGGS and Nick Skaggs, Respondents.

Supreme Court of Kentucky.

July 3, 1986.

David R. Monohan, Woodward, Hobson & Fulton, Steven B. Strepey, Louisville, for Skaggs.

Kenneth L. Sales, Segal, Isenberg, Sales & Stewart, Louisville, for Assad.

STEPHENS, Chief Justice.

The primary issue we decide on this appeal and cross-appeal is whether a compa-

rative negligence instruction is necessary, pursuant to *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), when no such instruction was requested, and when an instruction on contributory negligence was, in fact submitted. Stated another way, does the giving of an instruction on contributory negligence preserve the error of a failure to give an instruction on comparative negligence?

Prior to answering that question, we must first determine whether, on the facts of the case at bar, there was sufficient evidence introduced to justify the giving of an instruction on contributory negligence.

The Court of Appeals answered the second question in the affirmative. We agree. The Court of Appeals answered the first question in the affirmative. We disagree.

This appeal and cross appeal arose from a personal injury suit brought by Richard Assad, a 10 year old, and Noel S. Assad, Richard's father, against Nick Skaggs, a 14 year old, and Knolan Skaggs, Nick's father. While playing with a "BB" gun in the snowy yard of the Skaggs family, Nick Skaggs fell, causing his BB gun to discharge. The pellet struck Richard Assad, nearly 80 feet away, causing him to lose sight in one eye. At the close of the evidence at trial, the Assads' motion for a directed verdict was denied. Over the objection of the Assads, the trial court submitted to the jury an instruction on the alleged contributory negligence of Richard Assad. The jury found for the defendants, the Skaggs.

On appeal, the Court of Appeals reversed the trial court stating,

"*Hilen v. Hays* adopts the use of the comparative negligence doctrine in the Commonwealth of Kentucky, thus abolishing the concept of contributory negligence. The *Hilen* opinion requires the adoption of this precedent to all cases currently on appeal in which *contributory negligence is a properly preserved issue...*" (emphasis added).

The Court of Appeals also ruled that there was sufficient evidence to justify the giving of an instruction on the contributory

negligence issue, and moreover, ruled that the father, Knolan Skaggs, as a matter of law was not guilty of any negligence and should have been dismissed as a party defendant.

The Skaggs then filed a motion for discretionary review, claiming that the Court of Appeals erred in applying the comparative negligence doctrine of *Hilen v. Hays* to this case solely based on the fact that a contributory negligence instruction was requested and given by the trial court. The Assads filed a cross motion for discretionary review arguing that the Court of Appeals erred in finding sufficient evidence to submit the question of contributory negligence to the jury and further erred in determining that Knolan Skaggs was negligence free, as a matter of law. We granted discretionary review on both motions.

We first address the question of the contributory negligence instruction. There can be no question but that Richard Assad, a ten year old, is legally capable of being contributorily negligent. *Goff v. Horsley*, Ky., 439 S.W.2d 937 (1969). The only question is whether there was sufficient evidence before the court to justify the giving of the instruction. Both the trial court and the Court of Appeals ruled that the evidence was sufficient to justify giving the contributory negligence instruction. We agree.

This accident happened on a February day in 1982. The boys were playing in the Skaggs' yard, which was in an icy and snowy condition. Each boy had a BB gun—Nick Skaggs, a pistol and Richard Assad, a rifle. Both guns were owned by the Skaggs boy, but it was Richard Assad who asked Nick Skaggs to bring the guns out to play on the ice and snow. Young Assad had been instructed on several occasions by both his parents not to play with BB guns. In spite of that, he admitted he had played with them on several occasions before the accident. When the accident occurred Nick Skaggs was walking on an incline in the yard with the safety to the gun in the "off" position. He slipped and fell, causing the butt of the gun to strike

the ground and discharge. The pellet traveled some eighty feet and struck young Assad in the eye.

■ Presumably, Richard Assad was aware of the operation of the BB guns and the potential danger connected with them. Moreover, he and Nick Skaggs were playing with these potentially dangerous guns in a yard which was snowy and icy. Certainly both boys knew—or should have known—of the danger of walking, running and playing on ice while carrying BB guns. It is beyond cavil that the conduct of Richard Assad was more than sufficient to submit the question of contributory negligence to the jury. Reasonable minds certainly could have believed that Richard Assad was negligent.[1]

Having decided that the instruction on contributory negligence was proper, we now address the primary issue on this appeal. In *Hilen v. Hays*, the plaintiff had requested an instruction on comparative negligence. Based on the existing law of the Commonwealth the trial court properly declined the request. This Court reversed and brought into Kentucky Common Law for the first time the doctrine of comparative negligence. Anticipating there would be questions as to the effective date of the new doctrine, we said:

> "The appellee complains that the rules should not be changed in his case. But unlike contract law the appellee here did not act in reliance on the state of the law at the time of the act, and has no legitimate complaint against the retroactive application of a change. We conclude ... that the comparative negligence doctrine shall apply to:

> . . . . .

> 3) All cases pending, including appeals, *in which the issue has been preserved* ". (emphasis added). *Id.* at 720.

Neither party to these appeals submitted a request, oral or written, to the trial court relative to comparative negligence. Neither party argued the issue before the Court of Appeals. On May 10, 1984, the Court of Appeals ordered the present case submitted to them on briefs. On July 5, 1984, our opinion in *Hilen v. Hays* was rendered. The Court of Appeals then determined that since *Hilen v. Hays* had abolished the doctrine of contributory negligence the presence of an issue of contributory negligence automatically required the submission of a comparative negligence instruction to the jury. We do not agree.

It is clear from *Hilen v. Hays* that this view is not specifically mentioned. All *Hilen v. Hays* requires is that in all *pending* cases, the issue of comparative negligence will be considered, retroactively, *if it has been preserved for appellate review.* Is the presence of the issue of contributory negligence tantamount to preservation? Is it preservation? We think not, and concur in the reasoning of the Iowa court, which decided the precise question.

In *Sechler v. State*, Iowa, 340 N.W.2d 759 (1983) the estate of a deceased motorcycle operator brought a wrongful death action against the state and two of its employees based on their alleged negligence in barricading a highway. Recovery was denied on the basis of contributory negligence. In the meantime, the Iowa Court in *Goetzman v. Wichern*, Iowa, 327 N.W.2d 742 (1982)[2] adopted comparative negligence. In *Sechler*, on appeal, the administrator of the estate espoused the reasoning of the Kentucky Court of Appeals that the comparative negligence issue was preserved by the issue of contributory negligence. In rejecting this contention, the Court said:

> Plaintiff claims he preserved error by his motion to amend conclusions of law concerning the trial court's ruling that dece-

---

**1.** By so concluding, we do not decide that the admonition of the Assad parents to refrain from playing with BB guns sets a standard for determining negligence. The warning of his parents is only a *factor* in the jury's determination of whether Ricky Assad was, in fact, negligent.

**2.** Cited by the majority in *Hilen v. Hays*, for authority and guidance with respect to the retroactive application of the doctrine of comparative negligence.

dent's contributory negligence barred recovery. In that motion and also in a subsequent motion for a new trial, plaintiff repeatedly stated that contributory negligence is an improper defense to actions based on gross negligence. *These references to the impropriety of contributory negligence as a defense fall short of preserving error on the issue of comparative negligence.* In particular, the attack by the plaintiff on the defense of contributory negligence did not sufficiently alert the trial court that rather than considering the decedent's negligence as a complete bar to recovery, it should substitute the standard of comparative fault.... The *plaintiff failed to preserve error on the doctrine of comparative negligence.*" *Id.* at 762. (emphasis added).

See also, *Placek v. City of Sterling Heights,* 405 Mich. 638, 275 N.W.2d 511 (1979); *Leigh v. Lundquist,* Alaska, 540 P.2d 492 (1975).

 It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court. *Combs v. Knott County Fiscal Court,* Ky., 141 S.W.2d 859 (1940); CR 76.12(4)(c)(iv) (1-1-85). This clearly has not been done in the case at bar and the Court of Appeals erred in concluding that it had been.

Since the effect of this decision is to affirm the judgment of the trial court, we need not discuss the Court of Appeals' ruling relative to the negligence of Knolan Skaggs.

The decision of the Court of Appeals in case 84-SC-986-DG (the appeal of Knolan and Nick Skaggs) is reversed. The decision of the Court of Appeals in case 84-SC-1003 (the appeal of Richard and Noel Assad) is affirmed.

GANT, STEPHENSON, WHITE, WINTERSHEIMER and VANCE, JJ., concur.

LEIBSON, J., dissents in a separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The trial court should not have given a contributory negligence instruction. The only evidence presented to support such an instruction was evidence that the Assad boy was playing with a BB gun against his father's instructions.

The sole legal cause of the injury to the Assad boy was the negligence of the older boy, Nick Skaggs, in attempting to walk or run up an incline covered with ice and snow carrying a loaded BB gun with the safety "off." If the safety had been "on" the gun would not have discharged when Skaggs slipped and fell. The safe handling of the gun in his hand was his sole responsibility. There was no evidence that the Assad boy, who was some eighty feet away when he was injured, knew about or participated in the unsafe manner in which the Skaggs boy was handling the gun.

It is the law of this case that it was not negligence for the Skaggs boy to play with the gun. That is the reason that Skaggs' father was held not negligent, as a matter of law, for permitting his son to do so.

It is patently inconsistent to hold on the one hand that it was not negligent for Skaggs' father, Knolan Skaggs, to permit his child to play unsupervised with BB guns, but on the other hand to say it was negligent for Assad, his ten year old friend, to play with BB guns with him. If Knolan Skaggs could assume his son could safely play with BB guns then Assad could make the same assumption. The Assad boy disobeyed his father's instructions not to play with BB guns. But disobeying his father is not a reason to bar his claim.

For the reasons herein stated, I believe Assad is entitled to a judgment in his favor as a matter of law. He should have received a directed verdict on the issue of liability. Only the issue of damages should have been submitted to the jury.