Heather LEAMON and Tom
Crisp, Appellants

v.

Cathy PHILLIPS; Cabinet for Health
and Family Services; Elizabeth Ad-
kins; and Melinda Leamon, Appellees.

No. 2012–CA–001955–MR.

Court of Appeals of Kentucky.

Jan. 10, 2014.

Tracy D. Frye, Russell, KY, for Appellants.

W. Jeffrey Scott, Grayson, KY, for Appellee, Melinda Leamon.

Jennifer Wolsing, Frankfort, KY, for Appellees, Cathy Phillips And Elizabeth Roberts.

Before MOORE, NICKELL and STUMBO, Judges.

## OPINION

STUMBO, Judge:

Heather Leamon and Tom Crisp appeal from a Memorandum Opinion and Final Judgment of the Boyd Circuit Court in favor of Cathy Phillips, Cabinet for Health and Family Services, Elizabeth Adkins and Melinda Leamon. Appellants argue that the circuit court improperly determined that the Appellees were entitled to absolute or qualified immunity for their roles in reporting suspected child abuse and neglect and/or removing Heather Leamon's children. We find no error, and affirm the Judgment on appeal.

On January 17, 2006, Child Protective Services ("CPS") instituted a Juvenile Abuse Petition in Boyd District Court to investigate an allegation made by Heather Leamon that her husband, Joseph Leamon, had physically abused the couple's three children. The following day, on January 18, 2006, CPS received an anonymous report from an unknown caller alleging that Heather Leamon was endangering the children. The anonymous caller alleged that Heather had been sexually abused by her father Tom Crisp from the age of three to her teen years, and that Heather was endangering the children's welfare by residing with the children in Tom Crisp's home. Heather Leamon would later allege that the anonymous caller was Joseph's mother, Melinda Leamon. Heather would contend that Melinda threatened on numerous occasions that if Heather ever left Melinda's son, Melinda would have Heather's children taken from her by CPS. Another claim of abuse or "referral" was made about one week later.

Elizabeth Adkins (now Roberts) initially investigated the two referrals against Heather Leamon. Roberts met with Heather at Heather's home in Ashland, Kentucky, where Heather denied that she was residing with her father Tom. She also denied that she had been sexually abused as a child.

Heather would later claim that after it was proven that she and the children were not living with Tom, and that as such the referrals were proven false, Melinda Leamon and Roberts concocted false reasons for removing Heather's children. According to Heather, Melinda falsely informed Roberts that Heather engaged in self-mutilation, had acted "silly" during a marriage counseling session, and on one occasion had curled up and acted like a baby.

An investigation of the allegations followed, resulting in Roberts swearing out Emergency Petitions on January 27, 2006, in the Boyd Circuit Court. The following day, Roberts and local law enforcement went to Heather's home, where they removed the children and placed them in foster care. The children remained in foster care until February 6, 2006. On that date, a temporary removal hearing was conducted in Carter Circuit Court.[1] The

---

1. The Emergency Custody Petitions were first heard on January 27, 2006, in Boyd Circuit Court. The court determined that reasonable grounds existed to believe that the children were in imminent danger. The court set the matter for a Temporary Removal Hearing on

children were then placed in the care of their maternal grandmother, Mary Crisp, in Heather's home. Under the arrangement, Heather was required to vacate the premises and was given supervised visitation. Tom was ordered to have no contact with the children whatsoever. In Heather's view, Roberts had successfully instituted and pursued proceedings against her that resulted in her children being removed with no evidence whatsoever that she or Tom had harmed them in any way.

On March 2, 2006, Roberts produced a Letter of Unsubstantiation wherein she found insufficient proof to conclude that the allegations of abuse were true. Heather then contacted Roberts, and was informed that the matter was handed off to Cathy Phillips. The matter proceeded in Carter Circuit Court, where it was rescheduled or continued until July 19, 2006. On that date, the court rendered an Order restoring Heather's children to her. The Order required continuing mental health counseling, full cooperation with the Cabinet and random drug testing. The matter was reviewed on October 24, 2006, whereupon it was removed from the court's docket.

Thereafter, Heather and Tom filed the instant action against the Cabinet, Roberts, Phillips and Melinda Leamon alleging defamation, negligence, intentional infliction of emotional distress, unreasonable intrusion, false light, wrongful use of civil proceedings and constitutional violations. After the defamation cause of action was voluntarily dismissed, the Defendants moved for Summary Judgment. As a basis for the motion, Roberts and Phillips claimed qualified immunity and quasi-judicial immunity as to all claims. Additionally, Roberts, Phillips and Melinda Leamon claimed absolute immunity arising under

KRS 620.050(1), arguing that they had "reasonable cause" to report and/or investigate the allegations.

Upon taking proof, the Boyd Circuit Court determined that all Defendants were entitled to immunity, and it sustained their motion for Summary Judgment. The court first found that qualified immunity barred all claims against Roberts and Phillips, who were public officers or employees engaging in discretionary acts performed in good faith. The court found that it was Melinda's burden to prove that Roberts and Phillips acted in bad faith, and that she did not meet that burden despite more than five years of discovery.

The court went on to find that Roberts and Phillips were entitled to quasi-judicial immunity for following a facially valid, ex parte Court Order, which was affirmed in a subsequent court proceeding. It determined also that Roberts, Phillips and Melinda Leamon were absolutely immune for actions conducted pursuant to KRS 620.050(1), as Roberts and Phillips investigated and provided ongoing care with reasonable cause, and Melinda Leamon reported her suspicions of abuse or neglect with reasonable cause. Additionally, Roberts and Phillips were found to have absolute immunity for filing the juvenile abuse petition due to their quasi-prosecutorial function in initiating the child abuse proceeding.

Finally, the court determined that counts one through five against Roberts and Phillips were barred by res judicata and collateral estoppel. This finding was based on the January 27, 2006 decision of the Boyd Circuit Court which found that Roberts and Phillips has reasonable grounds to believe that the children were being abused. This decision was affirmed

January 30, 2006, at which time it transferred the case to Carter Circuit Court. Thus, the

record refers to proceedings in both Boyd and Carter Circuit Courts.

by the Carter Circuit Court on February 6, 2006. In sum, the court determined that the Defendants were entitled to Summary Judgment, and this appeal followed.

The Appellants first argue that the circuit court erred when it determined that Roberts and Phillips were entitled to qualified official immunity. They maintain that even if Roberts and Phillips were performing discretionary rather than ministerial duties, the facts of the case reveal that those duties were not performed in good faith. They contend that the Cabinet for Health and Family Services Standards of Practice manual provides that the duty to investigate is mandatory and not discretionary. The Appellants maintain that even if the Appellees were performing discretionary duties as the court so found, they did not perform them in good faith because they removed the children without cause and in so doing violated Heather's constitutional rights. Additionally, they argue that the question of good faith or intent is a subject uniquely within the province of the jury, and that the court erred in failing to so find.

We must first note that the Appellants have not complied with CR 76.12(4)(c)(v), which requires the appellant to state at the beginning of the written argument if the issue was preserved and, if so, in what manner. We are not required to consider portions of the Appellants' brief not in conformity with CR 76.12, and may summarily affirm the trial court on the issues contained therein. *Skaggs v. Assad, By and Through Assad,* 712 S.W.2d 947 (Ky.1986); *Pierson v. Coffey,* 706 S.W.2d 409 (Ky.App.1985). Nevertheless, we have given the appellate brief thorough consideration as if it complied with CR 76.12.

Public officers and employees are entitled to qualified official immunity for negligent conduct, provided that the conduct arises in the good faith performance of discretionary acts. *Yanero v. Davis,* 65 S.W.3d 510 (Ky.2001). In *Yanero,* the Kentucky Supreme Court stated that,

"Official immunity" is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function performed. *Salyer v. Patrick,* 874 F.2d 374 (6th Cir.1989). Official immunity can be absolute, as when an officer or employee of the state is sued in his/her representative capacity, in which event his/her actions are included under the umbrella of sovereign immunity.... Similarly, when an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled.... But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment. 63C Am. Jur.2d, *Public Officers and Employees,* § 309 (1997). Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.,* those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, *id.* § 322; (2) in good faith; and (3) within the scope of the employee's authority. *Id.* § 309; Restatement (Second) Torts, *supra,* § 895D cmt. g. An act is not necessarily "discretionary" just because the officer performing it has some discretion with respect to the means or method to be employed. *Franklin County v. Malone,* [Ky., 957 S.W.2d 195 (1997)] at 201

(quoting *Upchurch v. Clinton County*, Ky., 330 S.W.2d 428, 430 (1959)). Qualified official immunity is an affirmative defense that must be specifically pled. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

Conversely, an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, *i.e.*, one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts. *Franklin County v. Malone, supra,* at 201. "That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature." *Upchurch v. Clinton County, supra,* at 430. *See also* Restatement (Second) Torts, *supra,* § 895D cmt. h; 63C Am.Jur.2d, *Public Officers and Employees,* §§ 324, 325 (1997).

*Yanero,* 65 S.W.3d at 521–22.

■ The question for our consideration, then, is whether the Boyd Circuit Court properly determined that Roberts and Phillips 1) acted in good faith, 2) while performing discretionary duties, 3) within the scope of their authority. If so, then they are entitled to qualified official immunity.

We must answer this question in the affirmative. The Appellants allege four instances of bad faith, including 1) the removal of the children, 2) that no evidence was produced showing Heather abused her children, 3) that Roberts and Phillips did not charge Heather with any abuse, and 4) that they failed to return the children when the first report was unsubstantiated. We conclude that these claims of bad faith are refuted by the record. The rulings of the Boyd and Carter Circuit Courts were based on oral testimony and medical evidence causing both to conclude that there were reasonable grounds to believe that the children were in imminent danger of death or serious physical injury or sexual abuse. They provided the Cabinet with temporary custody over the Leamon children based on reasonable evidence of neglect and sexual abuse.

As to the Appellants' claim that Roberts and Phillips acted in bad faith by failing to return the children promptly, they were acting under the Carter Circuit Court Order directing them to retain custody of the children, and the second referral and KSP investigation were ongoing. Additionally, the judicial resolution of the matter was repeatedly delayed through no fault of the Cabinet. While the Appellants properly contend that Roberts and Phillips could have steered the investigation in a different direction with a different outcome, these theoretical different outcomes do not demonstrate that Roberts and Phillips acted .in bad faith by choosing the course taken. In sum, we have no basis for concluding that the Boyd Circuit Court erred in concluding that Roberts and Phillips acted in good faith.

■ The related question is whether the trial court properly determined that Roberts and Phillips were engaged in discretionary acts. We conclude that they were. In *Stratton v. Commonwealth,* 182 S.W.3d 516 (Ky.2006), a father initiated an action against the Cabinet for Families and Children alleging that the Cabinet's negligence contributed to his child's death as a result of injuries inflicted by the mother's boyfriend. The Kentucky Supreme Court concluded that while the initial duty to investigate was non-discretionary, i.e., ministerial, the ultimate determination of whether and how to proceed, and against whom, implicated the judgment of the case workers and was therefore discretionary. *Stratton,* 182 S.W.3d at 521. Similarly,

the Boyd Circuit Court's conclusion below that Roberts and Phillips' acts were discretionary in nature is supported by the record and the law, and we find no error. Additionally, it is uncontroverted that the third element of *Yanero* was met, i.e., that Roberts and Phillips were acting within the scope of their authority. Accordingly, we find no error in the Boyd Circuit Court's conclusion that Roberts and Phillips are shielded by qualified official immunity.

In addition, because the trial court found that qualified official immunity "bars all of Plaintiffs' remaining claims against Roberts and Phillips", the questions of whether they are also protected by quasi-judicial or quasi-prosecutorial immunity are moot. The court also correctly determined that Counts one through five against Roberts and Phillips are barred by res judicata and collateral estoppel. On January 27, 2006, the Boyd Circuit Court found that there were reasonable grounds to believe that the children were being abused, and it held that removal was in the children's best interests. The Carter Circuit Court affirmed these findings on February 6, 2006. In the Boyd Circuit Court's Memorandum Opinion and Final Judgment rendered on October 12, 2012, and from which Heather now appeals, the court concluded that "[t]hese issues have been decided and cannot be relitigated in this forum." We find no error in this conclusion, and accordingly affirm the Boyd Circuit Court's determination that Roberts and Phillips are entitled to qualified official immunity.

■ The sole remaining issue is whether the circuit court erred in concluding that Melinda Leamon was entitled to immunity pursuant to KRS 620.050(1), which states in pertinent part that, "[a]nyone acting upon reasonable cause in the making of a report or acting under KRS 620.030 to 620.050 in good faith shall have immunity from any liability, civil or criminal, that might otherwise be incurred or imposed."

The circuit court determined that, "Melinda Leamon ... acted with reasonable cause in reporting her suspicions of abuse or neglect." This determination derives largely or exclusively from the nature of the allegations made to the Cabinet, and her credibility and direct testimony before the Boyd and Carter Circuit Courts. Melinda Leamon reported, for example, her claim that Heather and her children were living with Heather's father Tom Crisp, who Melinda Leamon believed had sexually abused Heather as a child. Melinda Leamon also alleged that Heather had engaged in bizarre behavior, and reported similar allegations told to her by Heather's pastor Philip LeMaster. The record supports the circuit court's conclusion that Melinda Leamon had reasonable cause to make the child endangerment allegation, and we find no error on this issue.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of

material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996).

When viewing the record in a light most favorable to the Appellants and resolving all doubt in their favor, we nevertheless conclude that Roberts, Phillips and Melinda Leamon were entitled to Summary Judgment as a matter of law. For the foregoing reasons, we affirm the Memorandum Opinion and Final Judgment of the Boyd Circuit Court.

ALL CONCUR.