RENDERED:  OCTOBER 9, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0115-MR

SANDRA PORTER                                                    APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCHELL PERRY, JUDGE
ACTION NO. 16-CI-000945

EVAN HUNTER ALLEN                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND KRAMER, JUDGES.

ACREE, JUDGE:  Sandra Porter appeals the Jefferson Circuit Court's November 29, 2018 judgment entered upon a jury verdict in the personal injury tort action she brought against Evan Allen.  She alleges the trial court erred by:  (1) preventing her from presenting evidence of an impairment rating; and (2) improperly

instructing the jury in accordance with KRS[1] 304.39-060's threshold requirements for pursuing a tort claim. Finding no error, we affirm.

## BACKGROUND

A three-car collision occurred on November 6, 2014. On that day, Allen rear-ended a vehicle stopped in traffic, propelling that vehicle into Porter's vehicle, which was directly in front of it. The damage to Porter's vehicle was relatively minor; however, Porter claimed to have injuries to her head, neck, left shoulder, and lower back. These injuries led Porter to file an action against Allen in 2016. Allen stipulated to fault for causing the accident but contested damages.

Four years after the accident, the case was tried before a jury over three days in November 2018. On the first day of trial, during motions *in limine*, Allen's counsel moved to exclude physician testimony as to an American Medical Association (AMA) permanent impairment rating. Counsel argued that because Porter previously testified she returned to full-time employment and was not making a claim for impairment or destruction of earning capacity, the impairment rating would mislead the jury. Porter's counsel confirmed she was not making a claim for impairment or destruction of power to labor or earn, but still contested the motion. The trial court granted the motion, finding evidence of an impairment rating would confuse the jury and be unfairly prejudicial to Allen.

---

[1] Kentucky Revised Statutes.

At trial, Porter presented extensive evidence and testimony regarding the accident, her injuries, her medical care, and her current mental and physical condition – all bolstered by testimony from her healthcare providers. Allen countered the testimony by focusing on Porter's admission that shortly after the accident she returned to work, did not need any help with home or personal care, and did not need pain medication.

Allen also had his own medical testimony refuting Porter's claims. A month after the accident, an orthopedic surgeon found Porter had full range of motion in her neck and shoulder, normal strength and sensation, and no evidence of nerve damage. Additionally, a few years after her accident with Allen, Porter was involved in another rear-end collision. Porter was seen then by a neurosurgeon who determined she had a normal range of motion in her neck, back, and shoulders.

In discussions with the trial court regarding jury instructions, Porter's counsel argued the thresholds established in the Kentucky Motor Vehicle Reparations Act (KMVRA) had been satisfied and there was no basis to give any thresholds instruction or interrogatories. Allen's counsel disagreed and argued that whether thresholds were met were questions for the jury. Agreeing with Allen's counsel, the trial court found it appropriate to give a thresholds instruction.

The jury returned a verdict awarding Porter only her medical expenses in the amount of $3,259.25, nothing for lost wages, and nothing for physical and mental pain and suffering. Because under the KMVRA tort liability for medical expenses was abolished to the extent basic reparations benefits are payable, Allen was entitled to a setoff of $10,000. Accordingly, judgment was entered in favor of Allen and Porter did not recover any costs. Porter moved for a new trial, which the trial court denied. This appeal followed.

## NONCOMPLIANCE WITH RULES OF APPELLATE PROCEDURE

Before addressing the merits of Porter's argument, we address her failure to comply with the requirements of CR[2] 76.12. Any number of opinions of this Court and those of the Supreme Court emphasize the importance of the appellate rules. *See Clark v. Workman*, 604 S.W.3d 616, 616-19 (Ky. App. 2020). We will not, as we did in *Clark*, identify each deficiency, but we do urge counsel to read all the appellate rules carefully, especially CR 76.12, to avoid compromising the appellate rights of future clients. Because Porter's counsel appears not to have run afoul of these rules in the past, we elect to impose none of the sanctions made available to this Court pursuant to CR 76.12(8).[3]

---

[2] Kentucky Rules of Civil Procedure.

[3] Allen did not move for such sanctions and did not object to the noncompliance of Porter's brief.

However, some rule violations cannot be ignored. Among the most important requirements of CR 76.12 for appellants is found in subsection (4)(c)(v). That subsection mandates that each argument in the appellant's brief begin with "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). Porter does not tell the Court where in the record she preserved the right to claim any trial court error.

She first claims the trial court erred by granting a motion *in limine* to exclude evidence. Logic and the base probability the motion did not go unopposed provides the Court some mild assurance Porter preserved her claim of error. However, logic and probability do not satisfy Porter's duty under CR 76.12(4)(c)(v) and she should not have relied upon either. As for her second claim of error, even these cannot rescue her.

Porter says the trial court erred by giving a thresholds instruction. But how is this Court to know she preserved this claim of error absent compliance with CR 76.12(4)(c)(v)? "It is not the function or responsibility of this court to scour the record on appeal to ensure that an issue has been preserved." *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) (citing *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003)). The Court made a cursory search of the circuit court record index (something else that is not the Court's responsibility) and saw

no proposed jury instructions from Porter. We would have been justified in ending the inquiry there.[4] But we did not.

Porter has Allen to thank. Allen complied with that part of CR 76.12 requiring appellees to cite to the record.[5] Allen tells us that, "at the conclusion of the parties' cases in chief, Porter's counsel argued . . . there was no basis to give

---

[4] As stated in the clarion case of *Elwell v. Stone*:

> About a year and a half after the effective date (January 1, 1985) of the rule, Chief Justice Stephens, writing for the majority in *Skaggs v. Assad, By and Through Assad*, Ky., 712 S.W.2d 947, 950 (1986), in reversing this Court in part, emphasized the necessity of compliance when he wrote:
>
> > It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court. *Combs v. Knott County Fiscal Court*, [283] Ky. [456], 141 S.W.2d 859 (1940); CR 76.12(4)(c)(iv) (1-1-85). This clearly has not been done in the case at bar and the Court of Appeals erred in concluding that it had been.
>
> This tribunal assumed the Supreme Court meant what it said for we wrote through Judge Dunn in *Massie v. Persson*, Ky. App., 729 S.W.2d 448, 452 (1987) [(overruled on other grounds by *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 654 (Ky. 1992))]:
>
> > CR 76.12(4)(c)(iv) in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

799 S.W.2d 46, 48 (Ky. App. 1990).

[5] CR 76.12(4)(d)(iii), by reference to CR 76.12(4)(c)(iv), requires appellees to provide "ample references to the specific pages of the record . . . supporting *each* of the statements narrated in the" counterstatement of the case. CR 76.12(4)(d)(iii) (emphasis added).

-6-

threshold instructions." (Appellee's brief, p. 11 (citing to "[Video Record (V.R.) 11/14/2018 4:02:04-05:35]")); *see* CR 51(3).[6] The irony should not be lost on practitioners, or jurists, that in this case it was the appellee's restraint in not moving to strike the appellant's brief, combined with the appellee's own compliance with the rules, that avoided the higher, manifest injustice standard of review of the appellant's argument. We shall undertake our review as though Porter did comply with CR 76.12, this time.

## STANDARD OF REVIEW

We review decisions to admit or exclude evidence under an abuse of discretion standard. *Clephas v. Garlock, Inc.*, 168 S.W.3d 389, 393 (Ky. App. 2004). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). The test is not whether an appellate court would have decided the matter differently, but whether the trial court's rulings were clearly erroneous or constituted an abuse of discretion. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). Reversal is only warranted if the error, unless corrected, would prejudice

---

[6] CR 51(3) states: "No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection."

the substantial rights of a party. *Davis v. Fischer Single Family Homes, Ltd.*, 231 S.W.3d 767, 776 (Ky. App. 2007). A substantial possibility that the jury verdict would have been different had the excluded evidence been allowed to be presented must exist. *Crane v. Commonwealth*, 726 S.W.2d 302, 307 (Ky. 1987); CR 61.01, KRE[7] 103. Additionally, alleged errors regarding jury instructions are considered questions of law examined under a *de novo* standard of review. *Hamilton v. CSX Transp., Inc.*, 208 S.W.3d 272, 275 (Ky. App. 2006).

## ANALYSIS

Porter argues the trial court abused its discretion by excluding testimony of her permanent impairment rating. She contends the testimony should have been admitted because it is relevant under KRE 401 and would have assisted the jury in assessing her damages. We disagree.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. We note first that Porter made no claim for impairment of her earning potential. That is to say, whether her earning potential was permanently impaired appears ***not*** to be a "fact that is of consequence to the determination of the action . . . ."

---

[7] Kentucky Rules of Evidence.

-8-

Evidence that would bear only upon a fact that is not of consequence to the action is, by definition, not relevant. Evidence of a permanent impairment rating when no permanent impairment is claimed seems at first blush to be entirely irrelevant.

However, Porter claims "[t]he impairment rating would also have assisted the jury in appreciating Porter's damages" – a question of fact that *is* of consequence. Weighing in favor of Porter's argument is that "[t]he inclusionary thrust of the law of evidence is powerful, unmistakable, and undeniable, one that strongly tilts outcomes toward admission of evidence rather than exclusion." *Clark v. Commonwealth*, 567 S.W.3d 565, 575 (Ky. 2019) (citation omitted). And yet, there is this, from the same opinion: "The language of KRE 403 is carefully calculated to leave trial judges with extraordinary discretion in the application and use of [KRE 403]." *Id.* (citation omitted).

Although Porter may be correct that testimony of a permanent impairment rating is relevant under KRE 401 because it has a "tendency to make the existence" of the damages more probable, we must agree with the trial court that it was properly excluded. Its probative value is not substantially outweighed by the confusion and prejudice its admission likely would have yielded.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless

presentation of cumulative evidence." KRE 403. Here, the probative value of an impairment rating does not substantially outweigh the danger of misleading the jury or confusing the issues to Allen's prejudice. AMA impairment guidelines are, by statute, utilized in workers' compensation cases. *See* KRS 342.0011. Even according to the AMA Guides itself, it is "***not to be used for direct financial awards nor as a sole measure of disability.*** The Guides provide a standard medical assessment for impairment determination and may be used as a component in disability assessment." AMA's Guides to the Evaluation of Permanent Impairment, Fifth Edition, §1.7 (emphasis added).

This was not Porter's only evidence of her damages. At best, the impairment rating was mere circumstantial evidence of Porter's damages for which she had other direct proof. She was not substantially prejudiced by its inadmissibility. This Court cannot say the trial court committed clear error by refusing to admit such evidence.

Porter also argues the trial court erred by instructing the jury regarding thresholds under the KMVRA ($1,000 in medical bills or permanent injury).[8] She believes the evidence clearly showed she met the $1,000 threshold,

---

[8] In pertinent part, the applicable statute says:

> In any action of tort brought against the owner . . . of a motor vehicle with respect to which security has been provided as required in this subtitle, . . . a plaintiff may recover damages in tort for pain, suffering, mental anguish and inconvenience because of bodily injury, sickness or disease arising out of the . . . operation or use

and that the thresholds instruction and interrogatories did nothing but confuse the jury. She contends the instruction unnecessarily focused the jurors on two questions that did not require their attention: (1) whether there was $1,000 in medical bills, and (2) whether Porter suffered a permanent injury. Additionally, she claims the instruction was confusing because it did not explain that once the jury concluded the $1,000 threshold for medical bills was met, there was no need to consider whether she suffered a permanent injury. Thus, she believes the jury instruction on thresholds was inappropriate. We are unpersuaded.

Medical bills were submitted as proof that Porter incurred more than $1,000 in medical expenses. Porter's evidentiary challenge was to prove more than $1,000 worth of those bills were attributable to the accident Allen caused. The evidence on that issue was conflicting. As noted, the accident Allen caused was not the only accident that caused Porter injuries. Having examined the record, we conclude there was sufficient conflicting evidence upon which a jury could have concluded that medical bills attributable to Allen's accident totaled less than $1,000. Only nine (9) of the jurors found Porter had more than $1,000 in medical

---

of such motor vehicle only in the event that the benefits which are payable for such injury as "medical expense" or which would be payable but for any exclusion or deductible authorized by this subtitle exceed one thousand dollars ($1,000), or the injury or disease consists in whole or in part of . . . permanent injury within reasonable medical probability . . . .

KRS 304.39-060(2)(b).

bills attributable to the accident caused by Allen. We conclude it was not error to instruct the jury on this threshold.

We also conclude it was not error to instruct the jury to find whether Porter suffered a permanent injury. If the jury had found Porter did not reach the $1,000 threshold, the finding of a permanent injury would have allowed the jury to proceed to consider her claim for $300,000 in damages for mental and physical pain and suffering. In *Thompson v. Piasta*, this Court held that "the trial court erred in failing to properly instruct the jury on the threshold questions of whether Piasta's reasonably necessary medical expenses as a result of the collision exceeded $1,000.00 ***and*** of whether she sustained permanent bodily injury as a result of the collision." 662 S.W.2d 223, 226 (Ky. App. 1983) (citing *Bolin v. Grider*, 580 S.W.2d 490 (Ky. 1979) (emphasis added)). In the case now before this Court, there was conflicting evidence as to both threshold issues. We therefore find no error in the trial court's decision to give this instruction.

## CONCLUSION

Based on the foregoing, we affirm the Jefferson Circuit Court's November 29, 2018 judgment.

ALL CONCUR.

-12-

BRIEF FOR APPELLANT:

Brian R. Dettman
Louisville, Kentucky

BRIEF FOR APPELLEE:

William B. Orberson
Patricia C. Le Meur
Louisville, Kentucky