RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1375-MR

QUIMON TAYLOR                                              APPELLANT

v.              APPEAL FROM CHRISTIAN CIRCUIT COURT
                HONORABLE JOHN L. ATKINS, JUDGE
            ACTION NOS. 13-CR-00562 AND 15-CR-00566

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Quimon Taylor ("Appellant"), *pro se*, appeals from an order of the Christian Circuit Court denying his Kentucky Rules of Criminal Procedure ("RCr") 11.42 motion to vacate, set aside, or correct his sentence. Appellant argues that the circuit court erred in failing to find that he did not receive the effective assistance of counsel to which he was entitled. He also argues that he was entitled to a hearing on the motion. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On November 15, 2013, the Christian County grand jury indicted Appellant on one count each of murder and robbery in the first degree.[1] On November 18, 2016, Appellant entered a guilty plea to the murder charge and to an amended charge of criminal facilitation.[2] He subsequently entered a guilty plea to additional charges of two counts of promoting contraband in the first degree, and one count of promoting contraband in the second degree.[3] Appellant was sentenced to 25 years on the murder and facilitation charges. He received a separate 2-year sentence on the counts of promoting contraband.

On September 13, 2019, Appellant filed a *pro se* RCr 11.42 motion requesting a hearing and seeking to vacate his conviction. In support of the motion, Appellant alleged that his trial counsel improperly coerced him into accepting a plea offer rather than proceeding to trial. He asserted that this failure constituted ineffective assistance requiring RCr 11.42 relief. After considering Appellant's motion and the Commonwealth's response, the Christian Circuit Court entered an order denying Appellant's motion. Specifically, the court found that Appellant failed to demonstrate that his trial counsel's performance was deficient

---

[1] Kentucky Revised Statutes ("KRS") 507.020; KRS 515.020.

[2] KRS 506.080.

[3] KRS 520.050; KRS 520.060. The charges of promoting contraband were handed down by way of a separate indictment.

per *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984). This appeal followed.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, Appellant

must show two things:

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment. Second, the defendant must show
> that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Id.* at 687, 104 S. Ct. at 2064. "[T]he proper standard for attorney performance is

that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally
> unreasonable, does not warrant setting aside the
> judgment of a criminal proceeding if the error had no
> effect on the judgment. The purpose of the Sixth
> Amendment guarantee of counsel is to ensure that a
> defendant has the assistance necessary to justify reliance
> on the outcome of the proceeding. Accordingly, any
> deficiencies in counsel's performance must be prejudicial
> to the defense in order to constitute ineffective assistance
> under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citation omitted). "It is not enough for the

defendant to show that the errors had some conceivable effect on the outcome of

the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that

-3-

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Christian Circuit Court committed reversible error by failing to conduct a hearing on his RCr 11.42 motion and to grant the relief sought. He asserts that he was forced to change counsel on four separate occasions, and that none of the counsel presented a plan to properly defend Appellant at trial. With respect to his last counsel, Appellant argues that counsel's sole objective was to coerce him into taking a plea agreement in lieu of formulating a proper trial strategy. Appellant also argues that his trial counsel was ineffective in failing to file an RCr 8.07 motion requesting a mental examination or raising a mental condition as a defense.

In response, the Commonwealth notes that Appellant's brief fails to comply with Rules of Appellate Procedure ("RAP") 32(A)(3) requiring a Statement of the Case with ample supportive references to the record. It also points out that Appellant's brief does not comply with RAP 32(A)(4), which

-4-

requires an Argument with ample supportive references to the record. The Commonwealth notes that Appellant's brief does not cite to the record even once in his argument section. The Commonwealth asserts that per RAP 10(B), this Court would be justified in striking Appellant's brief and dismissing his appeal. In the alternative, it argues that we should summarily affirm the order on appeal per *Leamon v. Phillips*, 423 S.W.3d 759, 762 (Ky. App. 2014) (citing *Skaggs v. Assad, By and Through Assad*, 712 S.W.2d 947 (Ky. 1986)).

In his Reply Brief, Appellant states that he was confined to another penal institution before being transferred to the Eastern Kentucky Correctional Complex, where a legal aide assisted him in the filing of his written argument. Appellant argues that in the rush to print the preliminary draft of his argument and forward it to Appellant, the references to the record were lost. Appellant reminds us that he is proceeding *pro se*, that the applicable rules are effectively a foreign language to him, and he asks for leniency in this matter or an opportunity to correct his appellate brief.

While *pro se* litigants are held to less stringent standards than lawyers when drafting formal pleadings, Kentucky courts still require procedural rules to be followed. *Beechum v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983); *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. 2009). The "conciliatory attitude

toward unrepresented parties is not boundless." *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011).

RAP 10(A) provides that appeals shall be dismissed for failure to timely file a notice of appeal, cross-appeal or motion, for discretionary review. The failure to comply with other filing rules may result in action including striking the party's brief or dismissing the appeal. RAP 10(B)(1-6). Whereas RAP 10(A) contains mandatory language requiring dismissal, the application of RAP 10(B) is discretionary as it contains language allowing but not requiring action to address the failure to comply. Though Appellant's brief fails to comply with several RAP provisions, we will consider his written argument as if it were compliant with the rules.

The focus of Appellant's argument is that he was denied effective assistance when his trial counsel failed to have him evaluated for competency to stand trial and when counsel coerced him into accepting the plea offer. Having closely examined the record and the law, we find no basis for either of these assertions. Appellant has not presented any facts upon which the circuit court could have concluded that trial counsel was ineffective prior to the entry of Appellant's guilty plea. Appellant participated in the standard plea colloquy, stated that he was satisfied with counsel's performance, and indicated he wished to continue with the guilty plea. Appellant stated that he did not have any mental

issues affecting the plea and acknowledged that he had discussed the plea with his counsel and understood the terms of the plea. Finally, Appellant acknowledged that he understood the rights he was waiving, including the rights to remain silent, to a trial, and to appeal.

Appellant could have raised any claim of a mental condition affecting the proceedings or trial counsel's alleged coercion during his plea colloquy, but did not. Instead, Appellant acknowledged his signature on the guilty plea and accepted the benefit of avoiding a trial on the underlying charges and a possible death sentence. Appellant's claims of ineffective assistance are self-serving and conclusory, and do not form a basis for reversing the order denying his motion for RCr 11.42 relief. Further, as his claim of ineffective assistance is justiciable by reference to the record, he was not entitled to a hearing on the motion. *Stanford*, *supra*. The circuit court properly so found.

## CONCLUSION

For the foregoing reasons, we affirm the order of the Christian Circuit Court denying Appellant's RCr 11.42 motion.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Quimon Taylor, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky