**Troy KINGREY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2010–SC–000784–MR.**

Supreme Court of Kentucky.

April 25, 2013.

was subsequently issued to Flick's appellate counsel. That issue is dealt with by separate order.

Erin Hoffman Yang, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Micah Brandon Roberts, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, for Appellee.

Opinion of the Court by Chief Justice MINTON.

A circuit court jury convicted Troy Kingrey of one count of use of a minor under the age of 16 in a sexual performance and six counts of use of a minor under the age of 18 in a sexual performance. In accordance with the jury's recommendation, the trial court sentenced Kingrey to a total of 25 years' imprisonment. He now appeals as a matter of right,[1] contending that (1)

---

1. Ky. Const. § 110(2)(b).

(1) the trial court erroneously denied his motion for a mistrial, and (2) one of the jury instructions denied him a unanimous verdict. Because we find merit to Kingrey's second argument, we reverse Kingrey's conviction and sentence for use of a minor under the age of 18 in a sexual performance as to victim Sophia[2] and remand for further proceedings. We affirm the remainder of Kingrey's convictions and sentences.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Kingrey hosted a party for his 16–year-old daughter, Emma, and her friends. He rented a party venue and purchased a large volume of vodka. Except for Kingrey, who was 34 years old at the time, everyone attending the party was under 18 years of age. He set one rule for the party—anyone who arrived at the party a virgin had to leave a virgin.

A truth-or-dare game arose at the party. An intoxicated Kingrey was in charge of the game. He drew from a deck of cards, and the color of the card drawn required a player either to accept a dare or tell a truth; and the higher the value of the card, the more extreme the dare. Most of the dares were sexual in nature, and Kingrey offered $50 to the winner.

As part of this truth-or-dare game, several of the teenagers at the party undressed, including Emma and Kingrey's 16–year-old niece, Sophia. While naked, Sophia received a lap dance from another girl. Sophia also performed oral sex on

her boyfriend. Jacob and Alex each performed oral sex on the other. Ryan completed a dare to remove all of his clothing. James accepted a dare to streak nude and kiss another person at the party. Emma removed her top so that her chest was bare, and Kingrey dared her to sit in Ethan's lap and have Ethan hold her breasts.[3]

Several months after the party, Emma and Sophia ran away from home. When located by Florida authorities, the girls said they ran away because of what transpired at the party. Sophia also told authorities of an event involving Kingrey, herself, and her former boyfriend, Blake.[4] At trial, Blake testified to this event, which occurred when he was 14 years old and Sophia was 15 years old. Kingrey had brought Blake and Sophia home from a family reunion when he asked Sophia to model bra and underwear sets. Sophia complied and also walked around in the nude while Blake and Kingrey watched. Kingrey then gave the two teenagers a condom and told them to have fun.

At trial, Sophia testified to substantially different events, claiming that she gave a false statement to the authorities because she was angry with Kingrey. She denied that she was naked in front of Kingrey and denied that Kingrey asked her to take her clothes off that day. She also testified that Kingrey advised her that having sex "was not the best thing"; but if she was going to have sex with Blake, she needed to use a condom.

---

**2.** The names of all minors in this opinion have been replaced with pseudonyms to preserve their privacy.

**3.** While several other sexual incidents occurred at the party involving teenagers, these are the incidents pertinent to Kingrey's convictions.

**4.** Sophia told authorities that Kingrey asked her to remove her clothes, which she did. Then Kingrey watched her walk around naked. She also told authorities that Kingrey gave her and Blake a condom and locked them in her bedroom, telling them they could not emerge until they had sex.

The grand jury indicted Kingrey on one count of use of a minor under the age of 18 in a sexual performance. Later, the grand jury returned a superseding indictment charging Kingrey with two counts of use of a minor under the age of 16 in a sexual performance [5] and six counts of use of a minor under the age of 18 in a sexual performance. The jury convicted Kingrey of one count of use of a minor under the age of 16 in a sexual performance as to victim Jacob and six counts of use of a minor under the age of 18 in a sexual performance as to victims Emma, Sophia, Alex, Ethan, Ryan, and James. The jury recommended 10 years' imprisonment on the count relating to Jacob, 10 years' imprisonment on the count relating to Emma, and 5 years' imprisonment on each of the five remaining counts. The jury recommended that the five 5–year sentences run concurrently with each other but consecutively with the two 10–year sentences, for a total of 25 years' imprisonment. The trial court sentenced Kingrey in accordance with the jury's recommendation.

## II. ANALYSIS.

Kingrey raises two issues on appeal. He contends that (1) the trial court erroneously denied his motion for a mistrial, and (2) the jury instruction on the count regarding victim Sophia denied him a unanimous verdict because it failed to distinguish factually two alleged criminal acts.

### A. The Trial Court Properly Denied Kingrey's Motion for Mistrial.

■ Kingrey argues that a statement made at trial by Cabinet for Health and Family Services (CHFS) investigator Erin Morgan concerning allegations of sexual abuse was improper under Kentucky Rules of Evidence (KRE) 403 [6] as unduly prejudicial and under KRE 404(b) [7] as bad-character evidence to show propensity. He claims the trial court abused its discretion by denying his motion for a mistrial, and Morgan's additional testimony did not cure the error.

Before trial, the trial court granted Kingrey's motion in limine to exclude mention of allegations that he had a sexual relationship with Emma and Sophia. At trial, the Commonwealth asked Morgan if she received a referral regarding Sophia and Emma and what the allegations were. Morgan responded that there were several allegations, including some "allegations of some possible sexual abuse by—." Defense counsel objected and moved for a mistrial before Morgan completed her sentence.

At the ensuing bench conference, the Commonwealth offered to elicit testimony from Morgan that an accusation does not

5. The Commonwealth moved to dismiss one of these counts after a teenager testified that she was not actually nude when she gave Sophia a lap dance.

6. KRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

7. Under KRE 404(b),

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or

(2) If so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party.

mean an allegation is true and that the charges of sexual abuse were not substantiated. The defense stated that if the trial court would not grant a mistrial, the witness should testify that the allegations were unfounded. The trial court denied Kingrey's motion for a mistrial and instructed the Commonwealth to question Morgan accordingly. Morgan then testified that a sexual abuse allegation may not be true, the purpose of an investigation is to determine the truth of an accusation, and that the allegation that Sophia and Emma were sexually abused was unsubstantiated.

 The Commonwealth admits that Morgan's testimony regarding the sexual abuse allegations was improper. So, for our analysis, we assume that the testimony was improper. But "a trial court's decision to deny a motion for mistrial will not be disturbed absent an abuse of discretion."[8] "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[9] We find that the trial court did not abuse its discretion in denying Kingrey's motion for a mistrial.

 A mistrial is an extraordinary remedy that "should only be granted where there is a 'manifest necessity for such an action or an urgent or real necessity.'"[10] Mistrial should only be "used in those situations where an error of such import has been committed that a liti-

gant's right to a fair and impartial jury would be violated if a new trial were not held."[11] A new trial is not warranted if the evidentiary error is harmless. The improper introduction of prior-bad-acts evidence is harmless when the judgment was not substantially swayed by the error.[12] This Court must look at all of the evidence to determine whether the defendant has been unduly prejudiced by the improper testimony.[13] We also note that if inadmissible prior-bad-acts evidence is introduced and the defendant requests a jury admonition, the trial judge should provide it.[14] An admonition to the jury may be sufficient to cure the error.[15]

Assuming that Morgan's testimony was improper, the error was harmless. Morgan never mentioned Kingrey's name in connection with the allegations of sexual abuse. The testimony concerning sexual abuse was isolated, and the Commonwealth did not try to use Morgan's statement to Kingrey's detriment. On the contrary, the Commonwealth elicited testimony from Morgan that helped limit any prejudice that may have occurred if the jury assumed that the sexual abuse allegations involved Kingrey. And any improper implication that Kingrey sexually abused the teenagers could have been cured by an admonition had Kingrey asked for one. Kingrey received the relief he requested in lieu of a mistrial; and although it was not in the form of an ad-

8. *Maxie v. Commonwealth,* 82 S.W.3d 860, 863 (Ky.2002) (citation omitted).

9. *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999) (citations omitted).

10. *Gosser v. Commonwealth,* 31 S.W.3d 897, 906 (Ky.2000) (citation omitted).

11. *Welch v. Commonwealth,* 235 S.W.3d 555, 559 (Ky.2007) (citation omitted).

12. *Wiley v. Commonwealth,* 348 S.W.3d 570, 581 (Ky.2010) (citation omitted).

13. *See Phillips v. Commonwealth,* 679 S.W.2d 235, 238 (Ky.1984) (citation omitted).

14. *King v. Commonwealth,* 276 S.W.3d 270, 275 (Ky.2009) (citation omitted).

15. *Id.* (citation omitted).

monition, it reduced the limited prejudice that may have occurred.

We cannot say that the defendant was unduly prejudiced by Morgan's statement, especially considering the vast evidence presented by a multitude of witnesses at trial and Kingrey's own admissions to CHFS.[16] Because the admission of Morgan's statement was harmless, a mistrial was not warranted. And the trial court did not abuse its discretion in denying Kingrey's motion for a mistrial.

### B. The Jury Instruction for Use of a Minor Under the Age of 18 in a Sexual Performance as to Sophia Violated Kingrey's Right to a Unanimous Verdict.

■ The jury instruction for use of a minor under the age of 18 in a sexual performance as to victim Sophia required the jury to find that Kingrey committed the crime between January 1, 2007, and May 31, 2008.[17] This time frame included the date of the party and the date of the incident with Kingrey, Sophia, and Blake. Kingrey argues that this combination jury instruction denied him a unanimous verdict

because it failed to differentiate factually between the alleged instances of sexual abuse. He contends that some jurors might have convicted him of knowingly employing, authorizing, or inducing Sophia to engage in a sexual performance at the party, while other jurors convicted him of doing so when he asked Sophia to model the underwear sets. We agree.

■ "A unanimous verdict is required in all criminal trials by jury."[18] In the past, this Court has typically analyzed combination instructions like the one here as though they allowed the jury to find the defendant guilty under either of two theories.[19] Where a jury instruction includes multiple theories of a crime, unanimity is an issue "since some jurors might find guilt under one theory, while others might find guilt under another."[20] The requirement of unanimity is satisfied if the evidence supported conviction under both theories.[21] "This is because, no matter which theory they accepted, all the jurors convicted under a theory supported by the evidence and all the jurors convicted the defendant of the same offense."[22]

---

**16.** Among the witnesses called by the Commonwealth were eleven different minors who testified to substantially similar events surrounding the party. And, in his statement to CHFS, Kingrey admitted that he purchased alcohol for the party and that it was his idea to have Emma sit in Ethan's lap while Ethan held her breasts.

**17.** The jury instruction reads,

You will find [Kingrey] guilty of Use of a Minor (Under the Age of 18) in a Sexual Performance under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county between January 1, 2007[,] and May 31, 2008[,] and before the finding of the Indictment herein, he knowingly employed, authorized[,] or induced Sophia to engage in a sexual performance; AND

B. That Sophia was then less than 18 years of age.

**18.** KRS 29A.280(3); *See also* Ky. Const. § 7.

**19.** *See, e.g., Johnson v. Commonwealth*, 105 S.W.3d 430, 443 (Ky.2003). *But see Bell v. Commonwealth*, 245 S.W.3d 738, 744 (Ky. 2008), *overruled on other grounds by Harp v. Commonwealth*, 266 S.W.3d 813 (Ky.2008)(stating in dicta that it would reverse a conviction based on an instruction that combined multiple criminal acts).

**20.** *Davis v. Commonwealth*, 967 S.W.2d 574, 582 (Ky.1998).

**21.** *Id.* (citations omitted).

**22.** *Travis v. Commonwealth*, 327 S.W.3d 456, 460 (Ky.2010).

The Commonwealth contends that this analysis applies here—the jury instruction simply allowed the jury to convict Kingrey of one crime under two theories, and his right to a unanimous verdict was not violated because sufficient evidence existed for a reasonable juror to believe that Kingrey committed the crime of use of a minor under the age of 18 in a sexual performance as to victim Sophia under both factual theories.

■ But this is not a case in which the jury instruction allowed the jury to convict Kingrey of one crime based on one criminal act under two different theories of the crime. Rather, the jury instruction allowed the jury to convict Kingrey of one crime based on two separate and distinct criminal acts that violated the same criminal statute. In *Johnson v. Commonwealth*,[23] a case we render today, the Court clarifies that in a situation like this, the multiple-theories analysis is inapplicable. A general jury verdict based on an instruction including two or more separate instances of a criminal offense violates the requirement of a unanimous verdict. So it is not enough that sufficient evidence existed to support a jury finding that Kingrey committed both criminal acts.

Kingrey's right to a unanimous jury verdict was violated by the jury instruction. Because the instruction did not require the jury to specify of which criminal act it found Kingrey guilty, we cannot be sure that all jurors believed that he committed the crime of use of a minor under the age of 18 in a sexual performance as to victim Sophia for his actions at the party or for having Sophia model the underwear sets.

■ Kingrey did not properly preserve this issue for appeal by objecting to the jury instruction or tendering his own instruction to the trial court.[24] So we will review the issue for palpable error under RCr 10.26.[25] If a palpable error has occurred, relief may be granted if the error resulted in manifest injustice.[26] "[T]he required showing is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law."[27] "Manifest injustice is found if the error seriously affected the fairness, integrity, or public reputation of the proceeding."[28]

■ Reversal is required here because the error was palpable and resulted in manifest injustice. "[E]rroneous jury instructions are presumed to be prejudicial."[29] And the right to a unanimous verdict is a substantial right; the violation

23. No. 2011–SC–000365–MR, —— S.W.3d ——, 2013 WL 1776932 (Ky.2013).

24. Kentucky Rules of Criminal Procedure (RCr) 9.54(2) provides that
[n]o party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection.

25. *See Travis*, 327 S.W.3d at 461–63; *Smith v. Commonwealth*, 366 S.W.3d 399, 401–04 (Ky. 2012).

26. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.2006).

27. *Id.*

28. *McGuire v. Commonwealth*, 368 S.W.3d 100, 112 (Ky.2012) (citation and internal quotations omitted).

29. *Mason v. Commonwealth*, 331 S.W.3d 610, 623 (Ky.2011) (citation omitted); *Harp*, 266 S.W.3d at 818 (finding preserved error is not harmless where jury instructions failed to distinguish factually between multiple counts of the same crime).

of which we have held requires reversal.[30] So the denial of Kingrey's right to a unanimous verdict is a fundamental error. And the uncertainty about exactly which incident of use of a minor under the age of 18 in a sexual performance the jurors all believed occurred gives rise to manifest injustice. Without knowing which instance of the crime is the basis of his conviction, Kingrey cannot adequately challenge the sufficiency of the evidence on appeal.[31]

We note that this is not a situation like in *Mason v. Commonwealth*[32] or *Travis v. Commonwealth*,[33] in which no real possibility existed "that jurors followed one of the theories presented by the surplus language and, as a result, no real possibility that a unanimous verdict was denied." The Commonwealth presented ample proof at trial that Kingrey committed each instance of the crime of use of a minor under the age of 18 in a sexual performance as to Sophia. So we must reverse Kingrey's conviction and sentence for this crime.[34]

## III. CONCLUSION.

We find that the trial court properly denied Kingrey's motion for a mistrial. And the jury instruction for the crime of use of a minor under the age of 18 in a sexual performance as to Sophia denied Kingrey a unanimous verdict. So we re-verse Kingrey's conviction and sentence for use of a minor under the age of 18 in a sexual performance as to victim Sophia and remand for further proceedings. We affirm the remainder of Kingrey's convictions and sentences.

ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. ABRAMSON, NOBLE, and VENTERS, JJ., concur. CUNNINGHAM, J., concurs, in part, and dissents, in part, by separate opinion in which SCOTT, J., joins. KELLER, J., not sitting.

CUNNINGHAM, J., concurring, in part, and dissenting, in part:

I concur with the opinion affirming the conviction of six counts of use of a minor under the age of eighteen in a sexual performance. I dissent in the reversal of the one count of use of a minor under the age of eighteen in a sexual performance as it relates to Sophia.

I respectfully suggest that, with this opinion, we proceed further into the entangling undergrowth of the unanimity issue. The requirement of Section 7 of our state constitution simply requires that every juror agree that the defendant is guilty of the charge for which he stands trial. The evidence indicated that over a period of

---

**30.** *See, e.g., Miller v. Commonwealth,* 283 S.W.3d 690, 696 (Ky.2009).

**31.** *See Bell,* 245 S.W.3d at 744.

**32.** 331 S.W.3d at 624 (finding no palpable error where there was no real possibility that a juror voted to convict the defendant under a theory when no evidence supported that theory).

**33.** 327 S.W.3d at 463 ("[T]here is no real possibility that jurors followed one of the theories presented by the surplus language and, as a result, no real possibility that a unanimous verdict was denied.").

**34.** We reject Kingrey's claim that the combination jury instruction also violated his right to a unanimous verdict by describing offenses of two different classes. Unanimity is an issue where instructions combine two or more classes of offenses. *Miller v. Commonwealth,* 77 S.W.3d 566, 574 (Ky.2002). But the jury instruction here only described a Class C felony and provided an extended time frame because Kingrey allegedly committed this crime in two different instances. Kingrey was only convicted of and sentenced for this Class C felony. So this case is distinguishable from *Miller* because the combination instruction did not allow the jury to convict Kingrey of different classes of the offense.

about sixteen months, the Appellant committed the acts of using the minor Sophia to engage in sexual performance twice. He could have been charged for each. He was only charged for one crime. A unanimous jury found that he committed that crime either through one act or another.

The most disturbing result of our decision here today is that it will seriously impair the prosecution and convictions of the molestation and rape of small children. A four-year-old can clearly testify—perhaps with the assistance of anatomical dolls—about the criminal acts committed upon him or her. The evidence may narrow down the possible time period when it would have occurred. But a small toddler molested several times cannot with precision nail down certain times and places when the acts occurred. If the defendant is charged with only one count of sexual assault over an extended period of time, then the unanimity rule is not violated when the jury unanimously agrees that the defendant committed the crime. No unanimity is required as to which time. It may be one, or it may be all. But the jury has unanimously found the defendant guilty of the crime. It will be impossible for the prosecutor in many child molestation trials to concentrate on a certain act as to date and place to comply with the results of our decision here today.

Secondly, the Appellant did not object to the instruction. Nor did the Appellant submit alternative instructions. The trial judge has the right to assume, in these instances, that both sides are satisfied with the jury instructions. We stretch the notion of palpable error in reversing this charge. It is difficult for me to see the "manifest injustice" in this case when there was evidence of two crimes against Sophia, and the Appellant was charged and unanimously convicted of only one.

Our trial judges are being ambushed by such decisions as this one when we so lightly deem palpable error when the mistake has not been preserved. We are watering down our palpable error standard with such holdings as this to the point that it behooves the defense lawyer not to object on jury instructions and just allow the trial court to walk, unwarned, onto the unanimity land mine. Even if the instruction in this case is deemed error, such miscue is a far cry from a "manifest injustice."

Therefore, I respectfully dissent on that charge.

SCOTT, J., joins.