# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 18, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000568-MR

FINAL

DATE 3-10-16 EnA Brown, DC

DANNY JOE KEITH                             APPELLANT

V.            ON APPEAL FROM MUHLENBERG CIRCUIT COURT
HONORABLE BRIAN WIGGINS, JUDGE
NO. 14-CR-00155

COMMONWEALTH OF KENTUCKY             APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING, IN PART, AND REVERSING, IN PART, AND REMANDING

A circuit court jury convicted Danny Joe Keith of first-degree promoting contraband and second-degree trafficking of a controlled substance and recommended a five-year prison sentence for each conviction. The same jury then convicted Keith of being a first-degree persistent-felony offender (PFO) and recommended an enhanced sentence of ten years' imprisonment for each of the underlying convictions to run consecutively for an effective total sentence of twenty years' imprisonment. The trial court entered judgment accordingly.

Keith appeals to this Court as a matter of right,[1] contending that the trial court improperly instructed the jury on the first-degree promoting contraband charge, resulting in his conviction by potentially less than a unanimous jury.

---

[1] Ky.Const. § 110(2)(b).

The Commonwealth concedes that this was error. So we reverse that portion of the judgment and remand the case to the trial court for further proceedings.

Keith does not challenge on appeal his second-degree trafficking conviction, and we find no error in the Commonwealth's closing argument during the PFO and penalty phase of the trial, so we affirm the remainder of the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Keith has a long history of substance abuse that has placed him in prison for most of his adult life. At age 19, he was convicted of driving on a suspended license after his third DUI. At age 23, he was sentenced to 40 years' imprisonment for wanton vehicular murder. He had served 18 years of that sentence and was set to meet the parole board when the events leading up to this case occurred inside the correctional facility.

During his inspection rounds one night, the guard noticed Keith's cellmate keeping watch from their cell door. This aroused the guard's suspicion, so he approached the cell to investigate. He saw Keith standing at his bunk fiddling with an object he described as a TV converter box, which Keith claimed was short circuiting. Based on Keith and the cellmate's behavior, the guard suspected something else was going on. So the guard popped open the converter box and discovered marijuana and six pills, which were later identified as Alprazolam. He handcuffed Keith and the cellmate and segregated them while he completed his investigation.

2

Following an inventory search of Keith's locker, the guard found a homemade jewelry box that appeared to have a false bottom. Eventually, guards opened the box and discovered a list of nicknames and numbers, which one of the guards identified as a "debt slip"—a common method inmates employ to disguise their identities. The box also contained a quantity of orange strips, later identified as Suboxone.

Keith was charged and convicted of first-degree promoting contraband from the contents of the converter box, and second-degree trafficking in a controlled substance based on the contents of the jewelry box.

## II. ANALYSIS.

### A. Keith was Denied a Unanimous Jury Verdict.

Keith contends that the trial court erred in its jury instruction for first-degree promoting contraband. The instruction told the jury to convict Keith if it found him guilty of possessing *either* marijuana *or* Alprazolam. Use of the disjunctive "or" in the instruction did not require the jury to decide unanimously which particular drug he was guilty of possessing.

This issue was not preserved for review at trial, but Keith requests review for palpable error.[2] To be sure, in Kentucky, the right to a unanimous verdict is a cornerstone notion of due process of law, and a violation of this principle

---

[2] *See* Kentucky Rules of Criminal Procedure (RCr) 10.26 ("A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.").

requires reversal regardless of preservation.[3] Because this error offends Keith's right to due process of law and a fair trial, and because the Commonwealth concedes error on this issue, we reverse his conviction for first-degree promoting contraband.

This Court has clearly established that Section 7 of the Kentucky Constitution requires a unanimous verdict by a twelve-member jury in all criminal cases.[4] Kentucky departs from Supreme Court case law and offers greater protections for criminal defendants than the requirements of the Sixth and Fourteenth Amendments to the federal Constitution.[5] Keith's claim essentially rests on whether the instruction allowing the jury to convict him if they found him in possession of either marijuana or Alprazolam violates the unanimity requirement that our Constitution extends above what the Supreme Court considers constitutionally sufficient.

In *Johnson v. Commonwealth*, we held that duplicitous counts "whether appearing in an indictment or jury instructions, [present] multiple constitutional problems, including that the jury verdict is not unanimous."[6] These principles apply with "equal force" when it is a jury instruction for a single count that covers two different instances of the crime.[7] Likewise, in *Martin v. Commonwealth*, we held that a unanimous-verdict violation occurs

---

[3] *See Kingery v. Commonwealth*, 396 S.W.3d 824, 831-32 (Ky. 2013).

[4] *See id. See also Wells v. Commonwealth*, 561 S.W.2d 85, 87 (Ky. 1978).

[5] *See Apodaca v. Oregon*, 406 U.S. 404 (1972) (the federal Constitution only requires a majority verdict to sustain a conviction).

[6] 405 S.W.3d 439, 454 (Ky. 2013).

[7] *Id.*

when a single jury instruction may be satisfied by multiple criminal acts by the defendant.[8] This Court has taken a strong position on the unanimity requirement, and we see no reason to depart from that in this case. Indeed, the Commonwealth concedes that the verdict below does not comport to the standards we outlined in *Martin*, and the conviction should be reversed on those grounds. The Commonwealth asks us to render our opinion consistent with *Martin* to make our unanimous-verdict rule even clearer for future litigation. The only remaining question is whether we agree that this is in fact a *Martin* issue.

To us, the first-degree promoting-contraband instruction is clearly analogous to the single-instruction-satisfied-by-multiple-acts scenario we held unconstitutional in *Martin*. This is underscored by our recent requirement that a defendant's right to a unanimous verdict requires the trial court to use jury instructions that direct the jury to consider a specific, uniquely identifiable event.[9] Simply put, Keith is entitled to an instruction requiring jurors to definitively state which drug he was guilty of possessing, and he was denied that instruction below.

Because this clear violation of our state constitution amounts to palpable error, we reverse Keith's conviction of this charge and remand to the Circuit Court for further proceedings consistent with this opinion.

---

[8] 456 S.W.3d 1 (Ky. 2015). *See also Ruiz v. Commonwealth*, 471 S.W.3d 675 (Ky. 2015).

[9] *Ruiz*, 471 S.W.3d at 678.

Keith does not dispute his conviction on the second count—second-degree trafficking of a controlled substance. So this ruling does not impact the jury's conviction for this offense. But Keith's other claim of error in this case alleges prosecutorial misconduct in the closing argument of the combined PFO and sentencing phase of his trial. Because we affirm his trafficking conviction, we must review the alleged error in sentencing—but only in relation to his sentence for trafficking and PFO offenses.

**B. Keith was not Entitled to a Mistrial Because of the Commonwealth's Statements During the Sentencing Phase of his Trial.**

Keith's second claim of error focuses on the Commonwealth's Attorney's characterization of Kentucky's PFO law during closing arguments of the combined PFO and sentencing phase of his trial. More specifically, Keith primarily takes issue with the Commonwealth's comparison of the PFO law to a "three-strike" rule. The Commonwealth's exact language in closing arguments is as follows:

> I told you earlier Kentucky does not have a "three strike." But this is truly a three strike situation for an individual of the conviction felonies he had. I further say you ought to consider the fact this isn't even someone that served his time, got out and...then committed another offense. He hasn't even got out of the penitentiary.

Keith's ensuing objection argued that the "three strikes" analogy "effectively informed the jury that [Keith] deserved more punishment than the 20 years Kentucky laws allows" and that the Commonwealth's characterization "exceeded a reasonable argument." The trial court overruled his objection,

6

denied a defense motion for a mistrial, and gave the jury no admonition. This appeal followed.

We typically only reverse for prosecutorial misconduct "if the [conduct] was so improper, prejudicial, and egregious as to have undermined the overall fairness of the proceedings."[10] There are two ways a criminal defendant may succeed should we identify the statement during closing arguments as error. First, if the misconduct is flagrant, a defendant is entitled to reversal.[11] The second way requires satisfaction of each of the following: (1) that proof of the defendant's guilt is not overwhelming; (2) defense counsel objected; and (3) the trial court failed to cure the error with sufficient admonishment.[12]

In evaluating Keith's claim, we must consider the argument as a whole, while keeping mind that we afford parties "wide latitude" in making closing arguments.[13] With this standard firmly in place, the Commonwealth's characterization of the Kentucky PFO law was not so prejudicial to mandate setting aside his ten-year sentence.

Keith primarily contends that the alleged error in the Commonwealth's argument is that it created an inference for the jury that Keith's maximum sentence was not severe enough. This, if true, could perhaps be an inference

---

[10] *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006).

[11] *See Barnes v. Commonwealth*, 91 S.W.3d 564, 568 (Ky. 2002).

[12] *Id.*

[13] *Miller v. Commonwealth*, 283 S.W.3d 690, 704 (Ky. 2009) (quoting *Young v. Commonwealth*, 25 S.W.3d 66, 74-75 (Ky. 2000)).

7

beyond the wide latitude we allow attorneys in making closing arguments.[14] This claim is supposedly bolstered by the fact that the jury, during deliberations, asked if it could sentence Keith to 20 years for *each count*, as opposed to the 20-year maximum sentence for PFO I. But ultimately, the Commonwealth's comparison, while perhaps inartful, did not render the penalty phase of Keith's trial fundamentally unfair.

The Commonwealth's Attorney is certainly free to recommend a sentence within the parameters of Kentucky law. Instead of an attempt to suggest Keith deserves a penalty above the statutory maximum, we view the characterization more fittingly as a response to Keith's counsel's plea for a lighter sentence during his own argument. The Commonwealth here seems to simply be rebutting Keith's own appeal to the jury's sympathy by highlighting the importance of a strong sentence for persistent felons. The trial court did not err in denying Keith's request for a mistrial on the sole basis of this line in the Commonwealth's closing argument.

Whatever influence that may be ascribed to the Commonwealth's analogy, we cannot say the statement was misconduct per se. Though it was neither a deft nor skillful characterization, to be sure, we are unconvinced that

---

[14] *See Medley v. Commonwealth*, 704 S.W.2d 190, 191 (Ky. 1985). This case prohibited defense counsel from suggesting a "not guilty" verdict on a PFO charge because it deemed the minimum penalty too severe. Keith contends that the inverse is true in this case; the Commonwealth may not suggest the statutory-maximum sentence is too light. While this could potentially be true as an abuse of the state's prosecutorial authority to inappropriately influence a jury, it ignores the true legal issue in *Medley*: juror nullification. Counsel in *Medley* essentially asked the jury to ignore the requirements of the law—a far more dubious charge than in the present case. The Commonwealth here employed imagery to invoke a harsher punishment, no doubt, but still one within the parameters of the PFO I statute.

8

the statement—taken either in isolation or in the broader context of the argument as a whole—is such obvious harm to represent a flagrant or intentional act of prosecutorial misconduct. Even if we were to consider the analogy as error, evidence of Keith's guilt as a PFO I is overwhelming—he was *in prison* when the committed the offense. Within the context of the argument as a whole, we simply cannot say the comparison between Kentucky's PFO-sentencing statute and a "three strike" rule exceeded reasonability and undermined the overall fairness of the sentencing phase of the trial. We must accordingly affirm Keith's ten-year sentence for second-degree trafficking in a controlled substance, enhanced as a PFO I.

## III.    CONCLUSION.

The lack of the guarantee of unanimity in Keith's possession-charge conviction rendered his trial on that charge fundamentally unfair, in violation of Section 7 of the Kentucky Constitution. We reverse his conviction on this count, but we affirm the remaining conviction for second-degree trafficking a controlled substance enhanced to a ten-year sentence as a PFO I. The case is remanded to the trial court for further proceedings consistent with this opinion.

All sitting. Minton, C.J., Hughes, Noble, and Venters, JJ., concur. Cunningham, Keller and Wright, JJ., concur in part and dissent in part, by separate opinion.

CUNNINGHAM, J., CONCUR IN PART AND DISSENTING IN PART: I respectfully concur in part and dissent in part. The jury in this case

9

unanimously agreed that the Appellant was guilty of first degree promoting contraband. There is no dispute that both marijuana and Alprazolam were contraband. Both were possessed by the Appellant. He could have been charged with both but he was only charged with one count. It makes no difference if six jurors thought he possessed marijuana and six jurors believed he possessed Alprazolam. All twelve found he possessed one of the two, either of which is contraband. There is no unanimity problem. And since he was convicted of only one count of promoting contraband where he could have been charged with two, there is certainly no "manifest injustice" or palpable error. Therefore, I dissent from the reversal of that charge.

Keller and Wright, JJ., join dissent.

COUNSEL FOR APPELLANT:

Susan Jackson Balliet
Assistant Public Advocate
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Gregory C. Fuchs
Assistant Attorney General