RENDERED:  NOVEMBER 13, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0427-MR

CHAZ OWENS                                                           APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 19-CI-006830

AVIS BUDGET CAR RENTAL, LLC                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Chaz Owens ("Appellant") appeals from a partial

summary judgment rendered by the Jefferson Circuit Court in favor of Avis

Budget Car Rental, LLC ("Appellee").  Appellant argues that there is no evidence

to support a summary judgment, that the circuit court improperly relied on an

inadmissible contract, and that questions of fact and law preclude partial summary

judgment. For the reasons addressed below, we find no error and affirm the summary judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 21, 2018, Stacie Oates ("Ms. Oates") rented a vehicle from Appellee in Louisville, Kentucky. On October 31, 2018, when she stopped at a gas station to put air in the tires, the vehicle was allegedly stolen. Ms. Oates would later maintain that she called the Louisville Metro Police Department ("LMPD") on November 1, 2018, to report the theft. According to Ms. Oates, the person she spoke to on the phone told her that the vehicle had been involved in an automobile accident earlier that day. Ms. Oates did not file a report with the LMPD nor a theft report with Appellee.

On November 1, 2018, Appellant was driving his vehicle in Louisville, Kentucky, when it was struck by the vehicle rented by Ms. Oates and driven by Kenneth Richmond ("Richmond"). Richmond fled from the accident scene on foot and, just prior to the accident, had fled in the vehicle from an LMPD traffic stop.

Appellant subsequently sought damages from Appellee because it owned the rental vehicle involved in the collision. Appellee declined to pay the damages because Richmond was not an authorized driver of the vehicle under the terms of its contract with Ms. Oates. On October 31, 2019, Appellant filed the

instant action against Appellee in Jefferson Circuit Court.[1]  He asserted that Appellee was negligent in renting a vehicle to Richmond, who was uninsured. Appellee answered with a general denial, in which it maintained that it did not rent the vehicle to Richmond.

On January 17, 2020, Appellee moved for partial summary judgment.[2] In support of the motion, Appellee argued that it was not liable for Appellant's damages because Richmond was not an authorized driver under the terms of its rental contract with Ms. Oates.  Appellee appended to the supportive memorandum 1) a copy of its rental agreement with Ms. Oates, 2) the LMPD accident report, 3) the specific terms of the contract shown on the jacket or sleeve that contained the rental agreement, and 4) an affidavit signed by Ms. Oates stating that she was the only authorized driver of the vehicle, the vehicle was stolen, and she did not know Richmond nor allow him to drive the vehicle.  Appellant responded in opposition, arguing that Appellee did not produce any evidence supporting its claim that Richmond was not an authorized user, nor that the vehicle was stolen.  Citing supportive case law, Appellee responded that Ms. Oates' affidavit was sufficient evidence to support partial summary judgment in favor of Appellee.

---

[1] Appellant also sued Richmond, who is not a party to this appeal.

[2] The judgment sought was partial because the action continued as against Richmond.

On March 4, 2020, the Jefferson Circuit Court entered an order granting Appellee's motion for summary judgment. Appellant then tendered a motion to vacate the partial summary judgment and a motion to file an amended complaint. In support of the motions, Appellant argued that the circuit court improperly relied on the unsigned rental agreement contract. Appellant's motions were denied, and this appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the Jefferson Circuit Court committed reversible error in granting Appellee's motion for partial summary judgment. He argues that the circuit court erred in relying on an unsigned written contract that was not in evidence. Appellant also contends that he was entitled to more time to conduct discovery and that there are genuine issues of material fact that preclude summary judgment. He claims that Appellee relied upon a number of facts which are not of record, that such facts are therefore not admissible, and that they cannot be relied upon in support of partial summary judgment.

Appellant has not complied with Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(v), which requires that the appellant state at the beginning of the written argument if the issue was preserved and, if so, in what manner. We are not required to consider portions of Appellant's brief not in conformity with CR 76.12, and may summarily affirm the trial court on the issues contained therein. *Skaggs v.*

-4-

*Assad, By and Through Assad*, 712 S.W.2d 947, 950 (Ky. 1986); *Pierson v. Coffey*, 706 S.W.2d 409, 413 (Ky. App. 1985). "In *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990), we established the principle that, where an appellant fails to comply with CR 76.12(4)(c)(iv), a reviewing court need only undertake an overall review of the record for manifest injustice. We believe that principle applies as well to the failure to comply with CR 76.12(4)(c)(v)." *J.M. v. Commonwealth, Cabinet for Health and Family Services*, 325 S.W.3d 901, 902 n.2 (Ky. App. 2010). As in *J.M. v. Commonwealth*, we have chosen the less severe alternative of reviewing the proceeding below for manifest injustice rather than summarily affirming the decision of the trial court. "Manifest injustice is found if the error seriously affected the fairness, integrity, or public reputation of the proceeding." *Kingrey v. Commonwealth*, 396 S.W.3d 824, 831 (Ky. 2013) (citation omitted).

The question for our consideration, then, is whether the Jefferson Circuit Court's reliance on the unsigned rental contract jacket, the LMPD police report, and Ms. Oates' affidavit so seriously affected the fairness, integrity, or public reputation of the proceeding as to constitute manifest injustice. *Kingrey, supra*. We must answer this question in the negative. Ms. Oates' affidavit, taken alone, formed a sufficient basis for the circuit court's conclusion that no genuine issue of material fact remained for adjudication and that Appellee was entitled to summary judgment as a matter of law. CR 56.03; *Steelvest, Inc. v. Scansteel*

*Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Ms. Oates affirmed that she was the only authorized driver of the rental vehicle, that the vehicle was stolen from a gas station when she stopped to put air in the tires, and that she does not know and has no association with Richmond. In addition, the police report revealed that Ms. Oates was not driving the vehicle when the accident occurred.

Summary judgment may properly be adjudicated on affidavits alone.

> Admittedly, affidavits are the least satisfactory form of evidentiary materials on which to base a summary judgment; nevertheless, it is well-settled that summary judgment may be adjudicated on affidavits alone or in addition to other evidence. If uncontroverted affidavits fairly disclosing the facts show that a genuine issue does not exist, the opposing party must produce at least some evidence that amounts to more than mere allegations in order to survive summary judgment.

*Critser v. Critser*, 591 S.W.3d 846, 850 (Ky. App. 2019) (internal quotation marks and citations omitted).

Appellant did not produce evidence amounting to more than mere allegations. As to his claim of not having sufficient time for discovery, he did not conduct discovery before Appellee's filing of its motion for summary judgment and did not request additional time for discovery prior to the filing of his response to Appellee's motion. As such, we cannot conclude that Appellant was improperly deprived of discovery, nor the opportunity to produce evidence or affidavits, prior to the summary judgment on appeal.

## CONCLUSION

Appellee produced evidence that its rental vehicle was stolen from Ms. Oates, that Ms. Oates did not consent to Richmond driving the vehicle, that Richmond was not an authorized driver, and that he was operating the rental vehicle at the time of the accident. This evidence was not rebutted by Appellant, despite the opportunity to engage in discovery or to request additional time for discovery. The record demonstrates that Appellee was entitled to summary judgment, *Steelvest*, *supra*, and we find no manifest injustice in the circuit court proceedings. *J.M.*, *supra*. For these reasons, we affirm the summary judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Grover S. Cox
Louisville, Kentucky

BRIEF FOR APPELLEE:

Scott A. Davidson
Richard W. Edwards
Kelley M. Rule
Louisville, Kentucky