RENDERED: SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0479-MR

ERIC JORDAN                                                                          APPELLANT

v.                     APPEAL FROM JEFFERSON CIRCUIT COURT
                       HONORABLE BRIAN C. EDWARDS, JUDGE
                       ACTION NO. 15-CI-002016

TRANSIT AUTHORITY OF RIVER CITY
D/B/A TARC AND BESSIE REED                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Eric Jordan ("Appellant") appeals from a judgment of the Jefferson Circuit Court reflecting a jury verdict in favor of Transit Authority of River City d/b/a TARC ("TARC" or "Appellee").  Appellant argues that the circuit court erred in 1) failing to exclude the testimony of TARC's expert witness; 2) granting Appellee's motion to exclude the testimony of a lay witness; 3) denying

Appellant's motion to exclude video footage that was not disclosed in discovery; and 4) in denying Appellant's motion for a mistrial. For the reasons addressed below, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On March 12, 2014, Appellant was a passenger on a TARC coach owned by Appellee and operated by TARC driver Bessie Reed ("Ms. Reed"). As the coach approached a stop at the intersection of Dixie Highway and Garland Avenue in Louisville, Kentucky, Appellant observed a small group of passengers, including a child in a wheelchair, who wanted to exit the coach. In order to make room for these individuals to depart from the crowded coach, Appellant exited the coach and stood on the sidewalk. While Appellant and other passengers were standing near the coach, Ms. Reed lowered a mechanical ramp to allow the wheelchair passenger to exit the coach. While the ramp is in motion, it makes a beeping sound to warn persons of its movement.

The wheelchair passenger used the ramp to exit the coach. Ms. Reed then began lifting the ramp to restore it to its stored position. While the ramp was in motion, Appellant began walking toward the bus entrance while talking to other individuals. He struck the ramp, causing him to fall and sustain injuries.

On April 15, 2015, Appellant filed the instant action in Jefferson Circuit Court against TARC and Ms. Reed alleging damages resulting from

negligence, recklessness, and willful or gross negligence. The matter proceeded to trial in February 2020, after which the jury returned a verdict in favor of TARC and Ms. Reed. A judgment reflecting the verdict was rendered on March 5, 2020, and this appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, first argues that the Jefferson Circuit Court committed reversible error in allowing TARC's expert witness, Dr. Kevin McGann, to testify at trial. Appellant appears to argue that while TARC properly disclosed Dr. McGann as an expert witness in pre-trial filings, it did not fully disclose the scope of Dr. McGann's testimony in violation of Kentucky Rules of Civil Procedure ("CR") 26.02(4) and the Jefferson Circuit Court's pre-trial order. Appellant asserts that he propounded interrogatories on TARC with the specific request to produce the subject matter and scope of his testimony, that TARC responded to the interrogatories, and that Dr. McGann's testimony exceeded the scope of TARC's disclosure. While Appellant acknowledges Dr. McGann's expertise in emergency medical care, he contends that Dr. McGann never examined Appellant and is not an orthopedist, hand surgeon, or practitioner of pain management.

We must first note that Appellant has not complied with CR 76.12(4)(c)(v), which requires that the appellant state at the beginning of the

-3-

written argument if the issue was preserved and, if so, in what manner. We are not required to consider portions of the Appellant's brief not in conformity with CR 76.12, and may summarily affirm the circuit court on the issues contained therein. *Skaggs v. Assad, By and Through Assad*, 712 S.W.2d 947, 950 (Ky. 1986); *Pierson v. Coffey*, 706 S.W.2d 409, 413 (Ky. App. 1985). "In *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990), we established the principle that, where an appellant fails to comply with CR 76.12(4)(c)(iv), a reviewing court need only undertake an overall review of the record for manifest injustice. We believe that principle applies as well to the failure to comply with CR 76.12(4)(c)(v)." *J.M. v. Commonwealth, Cabinet For Health and Family Services*, 325 S.W.3d 901, 902 n. 2 (Ky. App. 2010). As in *J.M. v. Commonwealth*, we have chosen the less severe alternative of reviewing the proceeding below for manifest injustice rather than summarily affirming the decision of the circuit court. "Manifest injustice is found if the error seriously affected the fairness, integrity, or public reputation of the proceeding." *Kingrey v. Commonwealth*, 396 S.W.3d 824, 831 (Ky. 2013) (internal quotation marks, footnote, and citation omitted).

The record refutes Appellant's argument on this issue. TARC's disclosure expressly stated that Dr. McGann would offer testimony regarding the following: the nature and scope of the accident; the nature and cause of the injuries to Appellant; Appellant's pre-existing conditions; and the medical

treatment rendered to Appellant. The record reasonably supports the Jefferson Circuit Court's denial of Appellant's motion to exclude Dr. McGann's testimony. We find no error seriously affected the fairness, integrity, or public reputation of the proceeding. *Id*.

Appellant next argues that the circuit court erred in granting TARC's motion to exclude the testimony of lay witness Jihan Kellam. Appellant sought to have Kellam, a TARC coach driver, testify as to TARC's "habit and/or modis operandi in handling injury incidents on its buses." Appellant raised an allegation at trial that Ms. Reed did not follow policies and procedures with regard to the handling of injury accidents. Appellant characterizes Kellam's testimony as directly on point, relevant, and admissible. He argues that the exclusion of this testimony was an abuse of discretion and constitutes reversible error.

Kellam took the stand and began to testify as to her own experiences as a TARC driver who dealt with accidents. TARC objected on the grounds that Kellam's experiences were unrelated to the matter at trial and were not relevant. In considering TARC's objection, Judge Edwards ruled that Kellam's experience with unrelated accidents had no bearing on the matter at trial and, even if it did, TARC should have been given notice. Having closely examined the record and the law, we agree that the incidents and/or accidents Kellam may have had as a TARC driver were not relevant to the issue of TARC's negligence, if any, as to Appellant.

The proper standard for review of evidentiary rulings is abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Kentucky Rules of Evidence ("KRE") 401. Kellam's experiences with TARC incidents and/or accidents, if any, did not make the existence of any consequential fact in the matter before us more likely or less likely than it would have been without Kellam's testimony. That is to say, Kellam's testimony was not relevant. "Evidence which is not relevant is not admissible." KRE 402. The circuit court properly concluded that Kellam's testimony as to her own experiences was not relevant, and we find no abuse of discretion.

Appellant goes on to argue that the circuit court erred in denying Appellant's motion to exclude TARC video footage that was not identified or provided in discovery. The video, which was generic footage of a coach's ramp in operation, was shown to the jury by TARC as a demonstrative exhibit. Appellant contends that allowing TARC to introduce this video was prejudicial because,

among other reasons, it created an improper inference that the auditory warning system on Ms. Reed's coach was operating properly on the day in question. The focus of this objection is the contention that the video was not properly disclosed prior to trial.

On November 6, 2019, some three months prior to trial, TARC filed expert disclosures listing Lurae Stuart as an expert in bus design and guidelines for mass transportation. That disclosure specifically referenced "video of the TARC ramp," and that Ms. Stuart was prepared to testify as to "the video detailing the ramp deployment." In addition, another TARC disclosure made one month before trial listed "[d]rawings, diagrams, documents relied upon by experts including but not limited to the operation of the lift system on the bus[.]" The circuit court concluded therefrom that the video in question was properly disclosed. We agree. These disclosures were appropriate and sufficient. The Jefferson Circuit Court's denial of Appellant's objection on this issue was not unreasonable or unsupported by sound legal principles; therefore, we find no abuse of discretion and thus no error.

Appellant's final argument is that the circuit court erred in denying his motion for a mistrial. At trial, Appellant moved to exclude any reference to his prior illegal drug usage. Appellant's marijuana usage became an issue during the deposition of his own medical expert, Dr. Barrett, who acknowledged references to

Appellant's marijuana usage in the medical records he reviewed to make an assessment about the case. Over Appellant's objection, the jury was allowed to hear testimony pertaining to Appellant's marijuana usage. The jury also heard a question from TARC's counsel relating to Appellant's alleged cocaine usage. The circuit court sustained Appellant's request to admonish the jury to disregard any reference to cocaine. At the close of the proceedings, Appellant sought a mistrial based on the questioning about the marijuana usage, as well as the admonition to the jury as to disregard any question or answer relating to cocaine.

We find no error on this issue. "A mistrial is appropriate only where the record reveals 'a manifest necessity for such an action or an urgent or real necessity.' . . . A trial court has discretion in deciding whether to declare a mistrial, and its decision should not be disturbed absent an abuse of discretion." *Clay v. Commonwealth*, 867 S.W.2d 200, 204 (Ky. App. 1993) (citations omitted). Appellant's marijuana usage became an issue because of his own medical expert's acknowledgment that the medical record contained references to Appellant's marijuana usage.

As to the issue of cocaine, a "jury is presumed to follow an admonition to disregard evidence and the admonition thus cures any error." *Carson v. Commonwealth*, 621 S.W.3d 443, 450 (Ky. 2021) (footnote and citation omitted). Such a presumption can be overcome by an "(1) overwhelming

probability that the jury will be unable to follow the court's admonition *and* there is a strong likelihood that the effect of the inadmissible evidence would be devastating to the defendant, or (2) the question asked lacks any factual basis and was highly inflammatory." *Id.* (emphasis in original) (internal quotation marks, footnote, and citation omitted). Appellant has not overcome the presumption that the admonition cured the error. We find no error in the circuit court's denial of Appellant's motion for a mistrial.

## CONCLUSION

The record demonstrates that TARC properly disclosed the scope of Dr. McGann's testimony. Jihan Kellam's testimony was excluded because the testimony about her experience as a TARC driver was not relevant to the matters at bar. The video at issue was properly disclosed, and we find no basis for concluding that the circuit court erred in failing to grant a mistrial. For these reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

S. Chad Butcher
Lexington, Kentucky

BRIEF FOR APPELLEES:

Derek Miles
R. Allen Button
Prospect, Kentucky