# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 20, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0295-WC

JEFFERY MULLINS                                                          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-0319
WORKERS' COMPENSATION BOARD NO. WC-17-02201

LONE MOUNTAIN PROCESSING;                                               APPELLEES
HONORABLE RALPH R. CASE,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

## I.     BACKGROUND

Jeffery Mullins (Mullins) worked in the mining industry for thirty-nine years. Twenty-four of those years were spent employed by Lone Mountain Processing (Lone Mountain) and its predecessor. In 2017, after years of symptoms, Mullins filed a claim alleging that he had contracted coal workers' pneumoconiosis, known colloquially as "black lung." After examinations by several doctors, Mullins was found to have coal workers' pneumoconiosis causing total disability. An Administrative Law Judge (ALJ) ultimately awarded

Mullins $835.04 per week subject to the tier down mechanism in KRS 342.730(4) for total disability.

In arriving at his determination, the ALJ used the 1994 version of KRS 342.730. This is because in 2017, this Court found the more-recent 1996 version of the statute to be unconstitutional on equal protection grounds. *Parker v. Webster Cnty. Coal, LLC*, 529 S.W.3d 759, 770 (Ky. 2017). Under the 1994 version, beginning at age 65, Mullins's benefits would decrease by 10% each year until he reached the age of 70. After age 70, he would receive 40% of his original award for the rest of his life.

Mullins's award came only one month before the implementation of a new version of the statute, however: the award was given June 18, 2018, and a new version of KRS 342.730 went into effect on July 14, 2018. This new version would have the effect of terminating all of Mullins's benefits at 70-years-old, rather than allowing him to retain 40% at that age. Seeking to apply the newest version of the statute, Lone Mountain appealed the ALJ's decision to the Workers' Compensation Board.

To the Board, Lone Mountain argued that the recently-enacted version of KRS 342.730 should apply retroactively to Mullins's award. Mullins argued that the most recent version of the statute should not apply because it worked against the purpose of the Workers' Compensation Act by depriving disability benefits to elderly injured workers. Because the legislation applied retroactively, the Board found for Lone Mountain. Mullins appealed the Board's decision.

2

Mullins argued for the first time to the Court of Appeals that *no* version, current or prior, of KRS 342.730 should apply to the termination of his benefits. Instead, he argued, KRS 342.732(1)(e)—part of Kentucky's coal workers' pneumoconiosis-specific disability benefits statute—should apply to Mullins's claim. KRS 342.732(1)(e) states that employees who are totally disabled by coal workers' pneumoconiosis shall be paid benefits "during such disability." Mullins argued that this language requires that his benefits continue in perpetuity, rather than terminate at 70-years-old.

However, Mullins failed to state in his brief to the Court of Appeals where this argument was preserved, violating Civil Rule 76.12. Because Mullins made an error in his appeal, the court did not consider his argument regarding this conflict in statutes. Instead, the Court of Appeals reviewed the Board's decision that the 2018 version of KRS 342.730 controls for manifest injustice only. Finding no such injustice that "seriously affected the fairness, integrity, or public reputation of the proceeding," the Court of Appeals affirmed without analyzing which statute (KRS 342.730 or, as Mullins argued, KRS 342.732(1)(e)) properly applies to such claims. *Kingrey v.* Commonwealth, 396 S.W.3d 824, 831 (Ky. 2013). This appeal followed.

## II.  ANALYSIS

Although KRS 342.285 allows for the Board to review otherwise unpreserved arguments where the ALJ's order "is not in conformity with the provisions of [chapter 342]," the same is not true for appeals from the Board. By arguing for the first time on appeal from the Board that KRS 342.732(1)(e)'s

3

termination provision applies, Mullins is "feeding one can of worms" to the Workers' Compensation Board and "another to the appellate court." *See Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010). Because Mullins did not argue in favor of the termination provision in KRS 342.732 to either the ALJ or the Board, his arguments were not "precisely preserved and identified" for appellate review. *Skaggs v. Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citing *Combs v. Knott Cnty. Fiscal Ct.*, 141 S.W.2d 859 (Ky. 1940); CR 76.12(4)(c)(iv)). We therefore do not have the authority to review an argument that neither the ALJ nor the Board had an opportunity to address. *See Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009).

While we note that there is an apparent conflict as-written between KRS 342.730(4) and KRS 342.732(1)(e) requiring clarification, we are constrained to decline to review the issue, for the reasons set forth above. Accordingly, we affirm the Board's determination.

Minton, C.J.; Conley, Hughes, Keller, Nickell and VanMeter, JJ., sitting. All concur. Lambert, J., not sitting.

4

COUNSEL FOR APPELLANT:

McKinnley Morgan
Morgan Collins Yeast & Salyer

COUNSEL FOR APPELLEE, LONE MOUNTAIN PROCESSING:

Denise Moore Davidson
Davidson & Associates

APPELLEE, ADMINISTRATIVE LAW JUDGE:

Honorable Ralph R. Case

APPELLEE, WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey
Chairman